## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL HUTCHINSON** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.**   4:22-cv-03497 |
| | § | |
| **IOWA MOTOR TRUCK TRANSPORT,** | § | |
| **INC. AND CALEB HOYLE** | § | |
| *Defendants.* | § | |

---

## NOTICE OF REMOVAL

---

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

**COME NOW** Iowa Motor Truck Transport, Inc. and Caleb Hoyle ("Defendants"), and hereby petitions this Court pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Southern District of Texas, Houston Division, of the action numbered and styled *Michael Hutchinson v. Iowa Motor Truck Transport, Inc. and Caleb Hoyle*; Cause No. 202256581; In the 113th Judicial District Court, Harris County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1.     Defendant Iowa Motor Truck Transport was served with Plaintiff's Original Petition (the "Petition") on or about September 27, 2022. Defendant Caleb Hoyle was served through the Texas Transportation Commission, who received service on or about September 21, 2022. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely

filed section 1446(b) of the United States Code. 28 U.S.C. § 1446(b).  Defendants seeks to remove the matter and are therefore the Removing Defendants.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties.  Plaintiff in this action is a citizen of a different state from Defendants, and no defendant is a citizen of Texas.  As a result, complete diversity exists.

3.      Plaintiff Michael Hutchinson was a citizen of the State of Texas at the time this action was filed. Consequently, Plaintiff Michael Hutchinson was at the time this action was commenced, and is currently, a citizen of the State of Texas and no other state.

4.       Defendant Iowa Motor Truck Transport, Inc. is a corporation incorporated under the laws of the State of Iowa, having its principal place of business now, and at the time this action was commenced, in the State of Iowa. Defendant Iowa Motor Truck Transport, Inc. is now, and was at the time this action was commenced, a citizen of the State of Iowa and of no other state.

5.      Defendant Caleb Hoyle was a citizen of Defiance County, Ohio at the time this action was filed. Consequently, Defendant Caleb Hoyle was at the time this action was commenced, and is currently, a citizen of the State of Ohio and no other state.

## III.
## AMOUNT IN CONTROVERSY

6.      In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required

to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

7. Federal courts have held that cases of personal injury will subject a tortfeasor to possible exposure well beyond the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Further, in determining whether a personal injury suit presents an amount in controversy within federal jurisdiction limits, a court may look to damage awards in similar cases. *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 n.8 (E.D. Tex. 1996) (citing *Carnahan v. Southern Pacific Railroad Transportation Co.*, 914 F. Supp. 1430, 1431 (E.D.Tex. 1995); *De Aguilar v. Boeing Co*., 790 F. Supp. 693, 694 (E.D.Tex. 1992), *aff'd*, 11 F.3d 55 (5th Cir. 1993). A court may review a petition regarding a plaintiff's alleged damages to determine the amount in controversy. *See Salinas v. Allstate Vehicle and Prop. & Ins. Co*., CASE NO. 7:15-CV-434, 2016 WL 8650475 at *2 (S.D. Tex. Sept. 28, 2016) (holding the Plaintiff sought attorney's fees as well as punitive damages available under statute, which added together exceeded the $75,000.00 amount in controversy). Based on Plaintiff's claimed damages, it is clear that Defendant will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

8.      A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiff's Petition states that "Plaintiff sustained serious injuries" as a result of the incident made the basis of this lawsuit. *See* Pl. Orig. Pet, ¶ 7. Further, Plaintiff specifically alleges recovery of monetary relief over $1,000,000.00 for: past and future physical pain and mental anguish, lost earnings in the past and loss of future earning capacity, past and future physical impairment, past and future disfigurement, past and future medical expenses, and exemplary damages. *See* Pl. Orig. Pet. ¶¶ 10 and 15.

9.      Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to bring suit under a Level 3 Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.4. *See* Pl. Orig. Pet. ¶ 1. Plaintiff has not affirmatively pled damages of $100,000.00 or less in this action. Further, Plaintiff's Petition provides the subject matter in controversy is "over $1,000,000.00." Pl. Orig. Pet. ¶ 15.

10.     Defendants assert that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).  As plead the amount in controversy in this case is in excess of $100,000.00. *See* Pl. Orig. Pet., ¶¶ 1 and 15. Defendants assert that the amount in controversy in this case is in excess of $75,000.00.

IV.
**PROCEDURAL REQUIREMENTS**

11.     Removal of this action is proper under section 1441 of the United States Code, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under section 1332 of the United States Code because Plaintiff and Defendants are diverse in citizenship. 28 U.S.C. §§ 1441 and 1332.

12.     By virtue of filing this Notice of Removal, the Removing Defendant does not waive its right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

13.     No other party has been properly joined and served in this matter therefore the Removing Defendants are not required to seek or obtain the consent to and joined in this Removal. 28 U.S.C. § 1441 (c)(2).

15.     All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include copies of the Court's Docket Sheet, all pleadings asserting causes of action, all orders signed by the state judge, all executed process in this matter, and all other filings in the State Court. LR 81.

16.     Pursuant to section 1446(b) of the United States Code, written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

17.     Pursuant to section 1446(b) of the United States Code, a true and correct copy of this Notice will be filed with the District Clerk for the 113th Judicial District Court in Harris County, Texas promptly after the filing of this Notice.

### V.
### PRAYER FOR RELIEF

**WHEREFORE**, Defendant Iowa Motor Truck Transport, Inc. pursuant to these statutes and in conformance with the requirements set forth in section 1446 of the United States Code, removes this action for trial from the 113th Judicial District Court in Harris County, Texas to this Court, on this the 11th day of October 2022.

Respectfully submitted,


By:   /s/ *David L. Sargent*

**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com
**MARTHA POSEY**
State Bar No. 24105946
martha.posey@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
Telephone: (214) 749-6000
Facsimile: (214) 749-6100

**ATTORNEYS FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 11th day of October 2022, a true and correct copy of

the foregoing document was forwarded via U.S. Mail to counsel for Plaintiff:

Adam J. Rosenfeld
Schechter, Shaffer & Harris, LLP
3200 Travis, 3rd Floor
Houston, Texas 77006


/s/ *David L. Sargent*

**DAVID L. SARGENT**